Martin A. Riley
(Name)

P.O. Box 311
(Institution Register No.)

El Dorado, Kansas 67042
(Current Mailing Address)

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| Martin Arnold Riley , Plaintiff<br>(Full and Correct Name) | CASE NO. _____ 22-3185-JWL-JPO<br>(To be supplied by the Clerk) |
| vs. | |
| Deputy Warden Skidmore<br>(See Attachment Pg 1), Defendants | CIVIL RIGHTS COMPLAINT<br>PURSUANT TO 28 U.S.C. 1331 |

### A. JURISDICTION

1) Martin Arnold Riley , is a resident of Kansas
   (Plaintiff)                                    (State of residency prior to
                                                   incarceration)

   who presently located at El Dorado Correctional Facility, P.O. Box 311,
   El Dorado, KS 67042        (Mailing address of place of confinement.)

2) Defendant (See Attachment Pg 2)(Pg 3 & Pg 4) is a resident of
   (Name of first defendant)

   _____, and is employed as
   (City, State)

   _____, and may be
   (Position and title, if any)

   located at _____. At the time the claim(s) alleged
   (Address for service of process)

   in this complaint arose, was this defendant acting under the color of state law? Yes ☐ No ☐

   If your answer is "Yes", briefly explain: _____

   _____

XE-2 (F)          CIVIL RIGHTS COMPLAINT (28 U.S.C. §1331)

①

United States District Court

For the District of Kansas

1.) Martin Arnold Riley

      plaintiff

Case No. 22-3185-JWL-JPO

    v.

Deputy Warden Skidmore

      Defendant(s)

Civil Rights Complaint

Pursuant To 42 U.S.C

§ 1983

CS1 Sargent Hopkins in his individual Capacity

Major East in his individual capacity

Captain Brown in his individual capacity

Leutenant Rasmussen in his individual capacity

E.A.I Gift in his individual capacity

Unit Team Potter in her individual capacity

\* Each defendant has a Fiduciary duty under his/her code
of Ethics he/she signed under oath, and also under color of
the state Law. \*

②

## A JURISDICTION

2) Martin Arnold Riley, is a citizen of Kansas who presently resides at El Dorado Correctional Facility, P.O. Box 311, El Dorado Kansas 67042.

3) Defendant Hopkins is a citizen of Leavenworth, Kansas and is employed as CSI Sargent. At the time the Claim(s) alleged in this Complaint arose, was this defendant acting under the color of state law? Yes ☒ No ☐. If your answer is "yes" briefly explain:
CSI Sgt. Hopkins is an employee at Lansing Correctional facility.

4) Defendant East is a citizen of Leavenworth, Kansas and is employed as Major. At the time the Claim(s) alleged in this complaint arose, was this defendant acting under the color of state law? Yes ☒ No ☐. If your answer is "Yes", briefly explain:
Major East is an employee at Lansing Correctional facility.

③

5.) Defendant Brown is a citizen of Leavenworth, Kansas, and is employed as captain. At the time the claim(s) alleged in this complaint arose, was the defendant acting under the color of State laws? Yes ☒ No ☐. If your answer is "Yes", briefly explain:
Captain Brown is/was an employee at Lansing Correctional Facility.

6.) Defendant Rasmussen is a citizen of Leavenworth, Kansas, and is employed as Leutenant. At the time the claim(s) alleged in this complaint arose, was this defendant acting under the color of State laws? Yes ☒ No ☐. If your answer is "Yes" briefly explain:
Leutenant Rasmussen is an employee at Lansing Correctional Facility.

7) Defendant Gift is a citizen of Leavenworth, Kansas, and is employed as E.A.I (Investigative unit). At the time the claim(s) alleged in this complaint arose, was the defendant acting under the color of State Laws? Yes ☒ No ☐. If your answer is "Yes" briefly explain:
Gift (E.A.I) is Lansing Correctional Facility, Investigating unit.

(4)

8) Defendant Potter is a citizen of Leavenworth, Kansas and is employed as Unit Team - B-5. At the time the claim(s) alleged in this complaint arose, was this defendant acting under the Color of state Law? Yes ☒ No ☐. If your answer is "Yes" briefly explain:
Potter was hired as B-5 Unit Team at Lansing Correctional Facility.

9) Jurisdiction is invoked pursuant to 28 U.S.C § 1343(3); 42 U.S.C § 1983. (If you wish to assert jurisdiction under different or additional Statutes, you may list them below.)
Jurisdiction is to remain under 42 U.S.C § 1983.

10.)                    B. NATURE OF THE CASE

1) Briefly state the background of your case

On 12-16-21, while being an inmate in Lansing Correctional Facility, I, Martin Arnold Riley (plaintiff) was brutally assaulted and batterized by defendant CS1 Sgt. Hopkins.
Plaintiff declares that Sgt. Hopkins did, with malicious intent, continuously slam plaintiff Riley's foot in B-5 cell door several times with the intention of hurting, maiming, and causing physical injuries to plaintiff without justifiable reason or cause.

3)  Defendant _____ is a resident of
                    (Name of first defendant)

_____, and is employed as
            (City, state)

_____, and may be located at
            (Position and title, if any)

_____. At the time the
                (Address for service of process)

claim (s) alleged in this complaint arose was this defendant acting under the color of state

law?  Yes ☐  No ☐ . If your answer is "Yes", briefly explain:

_____

_____

(Use the back of this page to furnish the above information for additional defendants.)

4)  Jurisdiction is invoked pursuant to 28 U.S.C. §1331(3). (If you wish to assert jurisdiction

under different or additional statuses, you may list them below.)

_____

_____

B.  NATURE OF THE CASE

1)  Briefly state the background of your case:

(SEE AHachment Pg 4 Thur 7)

_____

_____

_____

_____

_____

_____

2

XE-2 (F)            CIVIL RIGHTS COMPLAINT (28 U.S.C. §1331)



⑤

This incident occured on 12-16-21, at approximately within the timeframe of 3:15 a.m thru 5:30 a.m (See video footage). After said incident, Plaintiff did seek medical attention but was further denied medical attention by defendant Hopkins. Plaintiff pressed emergency button (that's located in cell) several times only to be met with the emergency signal being turned off each time by defendant Hopkins. (review video footage from 3:20 am thru 5:30 am light outside door). Defendant Hopkins was informed numerous times by plaintiff Riley that he needed immediate medical attention due to injured foot, in excruciating pain and unable to walk. Hopkins continually denied plaintiff access to medical by refusing to call medical staff all the while stating, "F**k You..... Too bad, deal with it" (refering to the pain plaintiff was enduring). (See video footage at approximately 3:20 am thru 3:25 am after defendants shuts plaintiff's door he turns and makes this statement) Plaintiff, from that point requested to speak with Sgt. Hopkins. Supervisor and was denied that request as well by Sgt. Hopkins. (See video footage from 3:00 am to 6:00 am on 12-16-21).

Once Hopkins left during shift change (several hours later), plaintiff went to captains office (at 9:00 am) and informed Major East, Captain Brown, and Leutenant Rasmussen of the assault and battery that took place on 12-16-21, and wished to file a formal complaint for assault and battery against Sgt. Hopkins.

⑥

While informing Brown, East, and Rasmussen that he was maliciously assaulted and batterized by their subordinate Hopkins, and showed them his injured foot. Plaintiff also sought medical attention at this point but was denied by Major East, Captain Brown, and Leutenant Rasmussen.

Plaintiff was instructed that the video footage/camera in B-5 of assault and battery incident will be reviewed. After East, Brown, and Rasmussen reviewed video footage, plaintiff was told to go back to cell house.

At approximately around 9:15am plaintiff reported to Unit Team Potters office in B-5 cell house.

Plaintiff declares that he did inform defendant Potter of an assault and battery on 12-16-21, and plaintiff with respect (Female Unit Team) raised pant leg and showed defendant and informed her CS1 Hopkins slammed plaintiff Riley's foot in cell room door of #109. Once plaintiff made her aware of his injury she states, " What do you expect me to do about it". Plaintiff then requested that defendant Potter legally document said facts of incident reported by plaintiff, and for her to notify E.A.I. Gift of this matter and would like to speak on this matter, because plaintiff felt fear for his life. Plaintiff further declares that a grievance was also filed against CS1 sgt. Hopkins through Unit Team Potter on 12-16-21. (see attachment).

On 12-20-21 plaintiff was finally allowed medical attention whereas the injury was severe enough to be issued crutches and walking cane.

⑦

Plaintiff is currently taking pain medication prescribed by Dr. Joe and Dr. Wilson. Plaintiff is also wearing an air brace on injured foot for support purposes caused from the conflict plaintiff suffered by CS1 Sgt. Hopkins.

Plaintiff further contends that on 12-19-21, Riley did recieve a disciplinary report written by defendant Hopkins in retaliation of Riley filing a grievance against CS1 Sgt. Hopkins (duly note that all D.R's are typed and then served/issued, yet the D.R that plaintiff recieved was handwritten which is not time stamped by the KDOC computer system which is evident that it wasn't written on the day of the alleged assault and battery.

Plaintiff declares that he did write E.A.I Gift seeking E.A.I to investigate the alleged incident that occured 12-16-21 and in response plaintiff was informed by E.A.I Gift that no investigation would ensue or be held refering to said matter unless Riley hires an attorney. (See Attachment).

Plaintiff declares that since the initial incident that occured on 12-16-21, Unit Team Potter and Captain Brown continue to allow CS1 Sgt. Hopkins to work in B-unit and very close proximately of Riley, whereas threats have been continuously made towards Riley by Hopkins as of this present date of 3/17/22. (See Attachments)

Plaintiff also declares that with the continuing threats, Riley has suffered into a state of depression and paranoia here at Lansing Correctional Facility, and plaintiff fears for his life. Riley's Mental health status dealing with everyday constant paranoia has effected plaintiff's safety with this administration.

## C. CAUSE OF ACTION

1) I allege that my claims arise under the following constitutional provisions or laws of the United States and that the following facts form the basis for my allegations: (If necessary you may attach up to two additional pages (8 1/2" x 11") to explain any allegation or to list additional supporting facts.)

A) (1) Count I: ( SEE AHachment 8 Thru 14 )

(2) Supporting Facts: (Include all facts you consider important, including names of persons involved, places and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument.):

( SEE AHachment Pg 8 Thru 14 )

B) (1) Count II: ( SEE AHachment Pg 8 Thru 14 )

(2) Supporting Facts: ( SEE AHachment Pg 8 Thru 14 )

C) (1) Count III: ( SEE AHachment Pg 8 Thru Pg 14 )

3



(8)

11)                    C. CAUSE OF ACTION

I allege that the following of my constitutional rights,
privileges or immunities have been violated and that the following
facts form the basis for my allegations: (If necessary you may
attachment up to two additional pages (8h" x 11") to explain
any allegations or to list adding support facts.)

12.) Count I: 8th Amendment - Cruel and Unusual punishment (Use
of Excessive force, Agg. Battery/Assault

13.) Supporting facts: Plaintiff was maliciously, and wantonally subjected
to the use of physical force CS1 Sgt. Hopkins on 12-16-21, in B-5
Cell house  Rm #109, at approximately 3:15am thru 5:30am. Defendant
Hopkins Continuously with malicious intent, Slam prison cell door on
plaintiff's Riley foot several times and caused bodily harm upon
Riley. Plaintiff sustain severe physical injury. Plaintiff now uses
crutches/ and at present a cane to aid in his everyday walking
ability. It is also a fact the defendant Hopkins suffers from (OCD)
Obsessive Compulsive Disorder.

14.) Count II: 8th Amendment - Cruel and Unusual punishment (Medical
delibrate indifference)

⑨

15.) Supporting facts: At approximately 3:20am, plaintiff asked CS1 Hopkins to call medical and defendants supervisor, do to the facts plaintiff was in alot of pain. Defendant states, "Too bad..... deal with it."

From 3:22am to 5:30am, plaintiff kept signaling his emergency button located in cell room, and due to the fact the defendant continues to turn emergency light off and disregarding plaintiffs pleas for help for over two hours, it was clear what Hopkins intent was when showed deliberate indifference to a serious medical need. Due to officers actions, for four days plaintiff was deprived of medical attention. (See Video Footage)

16.) Count III: 8th Amendment - Cruel and Unusual punishment (Retaliation)

17.) Supporting facts: Defendant wrote a disciplinary report with intentions to have plaintiff placed in segregation because of my actions of filing a grievance towards defendant Hopkins actions of maliciously causing bodily injury to plaintiff Riley (i.e slamming foot in cell door multiple times)

18.) Count II: 8th Amendment - Cruel and unusual punishment (Medical deliberate indifference and deprivation of medical need.)

14th Amendment - Equal protection: (Failure to protect or investigate.)



19.) Supporting facts: On 12-16-21, approximately 9:10 am plaintiff Riley walked to captain office and reported assault and battery to Capt. Brown that occured in B-5 cell house. After explaining the incident to Brown, he walked to a video monitor and watched video footage of CS1 Hopkins Slamming room door (#109-B-5) on Riley's foot. After defendant finished watching video footage, defendant ordered Riley back to his cell house.

Plaintiff showed his injury to Captain Brown which required medical attention.

Further, plaintiff asked captain Brown to take photos of foot, in which plaintiff was denied request by captain Brown.

Captain Brown refused to allow plaintiff to be seen by medical staff, in which Riley was not seen by a nurse or doctor for four days. (May the record reflect that the clinic is right next door to captains office.) See video footage infront of captains office, of plaintiffs injured state addressing this issue to captain Brown on 12-16-21 at 9:00 am thru 9:15 am.

20.) Count I: 8th Amendment: Cruel and Unusual punishment (Medical delibrate indifference and deprivation of medical need.)

14th Amendment: Equal protection (Failure to protect or investigate.)



(11)

21) supporting facts: On 12-16-21, plaintiff Riley was assaulted and batterized by CS1 Hopkins in B-5 cell house. Plaintiff met with Leutenant Rasmussen to report the incident and asked for formal complaint to be written against CS1 Hopkins.

Leutenant Rasmussen went to a video monitor to review video footage of incident. After defendant Rasmussen reviewed video footage defendant ordered plaintiff to return back to his cell house. Plaintiff showed Rasmussen the seriousness of his injury and requested photo's to be taken (in which plaintiff was denied) and that Riley needed immediate medical attention (This was also denied by Rasmussen.)

Due to the action of these officers, plaintiff was not able to recieve medical for four days, and it was further contend that it was only after plaintiff recieved medical attention that he was provided with crutches and a cane to assist him in walking while enduring the serious injury that Hopkins had caused intentionally.


22) 8th Amendment- Cruel and unusual punishment (Medical deliberate indifference and deprivation of medical need.)
14th Amendment - Equal protection (Failure to protect or investigate.)



(12)

23.)    On 12-16-21, plaintiff Riley reported an assault and
battery by defendant Hopkins to Major East in captain office. Major
East reviewed video footage of the incident and informed
plaintiff to return back to cell house. Plaintiff showed Major
East injured foot and asked to go to clinic. Major East denied
Riley clinic attention, and Riley was forced to wait for four
days until being treated. Plaintiff declares he asked Major East
for photos to be taken of injured foot on 12-16-21 in front of
captains office (see video footage from 9:00am to 9:10am on
12-16-21)


24.) 8th Amendment - Cruel and unusual punishment (Medical deliberate
indifference and deprivation of medical need.)
14th Amendment - Equal protection (Failure to protect or investigate)


25.) Supporting facts: Plaintiff Riley wrote a formal complaint to
E.A.I. Gift, reporting an assault and battery commited by CS1
Sgt. Hopkins against plaintiff. Riley also declare that he asked
E.A.I. to take photos of injured foot and to properly investigate
said matter. Defendant Gift wrote back stating, "They (E.A.I) will
not investigate nor come and hold an interview with plaintiff Riley
unless plaintiff contacted an attorney. (See Attachment)
        On 12-20-21, plaintiff Riley was called to clinic and was
told by Nurse Amber and Dr. Wilson to go have injury reported and
documented and have photo's taken of injured foot (see Attachment).

⑬

On 12-20-21, plaintiff met with Leutenant Lee and Sort Team leader Hoover and asked would they assist plaintiff with taking photos of injured foot. Lt. Lee and sort leader Hoover walked Riley to Capt. office from clinic and Sort leader Hoover took photos of injured foot in front of capt. office (see video footage on 12-20-21 from 8:00am to 10:00am). Sort leader informed Riley that photos will be sent to E.A.I Gift for further investigation. Mrs. williams from mental health was notified as well. When E.A.I. decided to not investigate, that message was passed down to the rest of prison officials to do the same in plaintiffs grievance.

26) 8th Amendment - cruel and unusual punishment: (medical delibrate indifference and deprivation of medical need.)
14th Amendment - Equal protection (failure to protect or investigate)

27) Supporting facts: Plaintiff Riley declares that he did inform unit Team Potter of incident that took place in B-5 cell house, at 3:15 am thru 5:30am, Rm #109 on 12-16-21.

Plaintiff declares that he showed Unit Team Potter injured foot, and requested defendant call to have photos taken of left foot that was in cell door by CS1 Hopkins.

Defendant Potters personal involvement can be shown through her actual knowledge. On 12-20-21, plaintiff wrote formal Complaint against CS1 Hopkins from asking for unit Team Potters help to remove CS1 Hopkins from working in plaintiff Riley's Cell house. (Duly note, as you can see everything dealing with

(14)

Potters answer goes only as far as just saying, "Noted....")

On 3-17-22, plantiff was harrassed by CS1 Hopkins approximately 4:00 am to 4:30 am at Plaintiff Riley's job. Plaintiff reported the incident to Unit Team Potter and mental Health (ms.william)(See Attachment)

Plaintiff has expressed his mental health status and his state of fear and paranoia to Unit Team Potter, but clefendant shows no interest in providing any assistance to Riley other then writing, "Noted."

Defendant Potters delibrate indifference to plaintiffs serious medical need has "cause plaintiff mental anguish..." Even defendants prevention of holding out from plaintiff filing on time.(Review Inmate Grievance Form and than Review Unit Team Reinhard)

28)                    D. Previous lawsuits and administrative Relief

Have you begun lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to the conditions of your imprisonment? Yes ☐ NO ☒. If your answer is "yes" describe each lawsuit. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

a.) Parties to previous lawsuit

Plaintiffs: None

Defendants: None

b.) Name of court and docket number: None

(2) Supporting Facts: (See Attachment Pg 8 Thru Pg 14)

## D. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1) Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to the conditions of your imprisonment?

Yes ☐ No ☒ . If your answer is "Yes", describe each lawsuit. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

a) Parties to previous lawsuit:

Plaintiffs: None

Defendants: None

b) Name of court and docket number None

c) Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) None

d) Issues raised None

e) Approximate date of filing lawsuit None

f) Approximate date of disposition None

4

XE-2 (F)                    CIVIL RIGHTS COMPLAINT (28 U.S.C. §1331)

E.  ADMINISTRATIVE RELIEF

1)  Have you presented all grounds for relief raised in this complaint by way of BP-9,

BP-10, and BP-11 grievances? Yes ☒ No ☐.

2)  If your answer to (1) is "Yes", state the date of disposition, result and reasons given

for the administrative decision _None ( Never received an answer_
_from Secretary of Corrections )_
_Date of disposition: 01/04/22_

3)  If your answer to (1) is "No", list each ground not fully presented through the

administrative grievance process and explain why it was not _____

_____

4)  Describe all other procedures you have used (such as tort claim or Parole

Commission administrative appeals procedures) to exhaust administrative remedies as

to each issue raised. _I appealed with the Dept. of Corrections/_
_Secretary of Corrections and a tort claim of the amount of $500,000._

F.  REQUEST FOR RELIEF

5)  I believe that I am entitled to the following relief:

_( See Attachment Pg 15 Thru 16 )_

_____

_____                    _Mark R. Rile_
                                                               Signature of Petitioner

_____
Signature of Attorney (if any)

_____                    _Richard D. Hoover_

_____                    NOTARY PUBLIC - State of Kansas
                                                   RICHARD D. HOOVER
                                                   My Appt Expires 9/16/2022

_____
(Attorney's full address and telephone number)

XE-2 (F)                    CIVIL RIGHTS COMPLAINT (28 U.S.C. §1331)

(15)

C) Disposition (For example: was the case dismissed? Was it appealed? Is it still pending?) None

d) Issues raised: None

E) approximately date of filing lawsuit: None

f) approximate date of disposition: None

29) I have previously sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in part C Yes ☒ No ☐. If your answer is "yes", briefly explain how relief was sought and the results. If your answer is "No", briefly explain why administrative relief was not sought.

None. (Because I never received any answer from Secretary of Corrections)

30)                   Request for Relief

I believe that I am entitled to the following relief:

Compensatory Damages
Pain and Suffering          $200,000
Nerve Damage Irreparable $300,000
Mental and Emotional Anguish $150,000

(16)

*Punitive Damages*

Cruel and Unusual punishment    500,000

Denial of Medical    100,000

Threats / Intimidation    20,000

Acts of Retaliation    300,000

_____        _____

Signature of Attorney (If Any)    Signature of plaintiff

Attorney's Full Address and Telephone number

NOTARY PUBLIC - State of Kansas
RICHARD D. HOOVER
My Appt Expires 2/16/2022