IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARTIN ARNOLD RILEY,

    **Plaintiff,**

    v.                                                         CASE NO. 22-3185-JWL-JPO

DEPUTY WARDEN (FNU) SKIDMORE, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff, a state prisoner appearing pro se and in forma pauperis, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate at the El Dorado Correctional Facility (EDCF). He alleges that in December 2021, a guard at the facility intentionally injured his foot and that he was denied medical care for a period of days by the guard and other EDCF personnel.

The Court has conducted a preliminary screening of the complaint and will dismiss defendant Skidmore and defendant Gift. Plaintiff makes no allegations concerning defendant Skidmore, a deputy warden at EDCF. Because § 1983 "does not authorize liability under a theory of respondeat superior" plaintiff must allege personal involvement by a supervisory defendant. *Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 767 (10th Cir. 2013).

Likewise, because plaintiff has no federal right to demand an internal investigation, his allegations against defendant Gift fail to state a claim for relief under § 1983. *See Martin v. LeBlanc*, No. 14-2743, 2014 WL 6674289, at n.1 (W.D. La. Nov. 24, 2014) (finding that where

1

plaintiff requested an investigation, the termination of the defendants' employment and the closure of the prison, "[s]uch relief is not available in this action").

The Court finds that the proper processing of Plaintiff's claims against the remaining defendants cannot be achieved without additional information from appropriate officials of the EDCF. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). Accordingly, the Court orders the appropriate officials of the EDCF to prepare and file a *Martinez* Report. Once the report has been received, the Court can properly screen Plaintiff's claims under 28 U.S.C. § 1915A.

**IT IS THEREFORE ORDERED BY THE COURT** that**:**

(1)    Defendants Skidmore and Gift are dismissed.

(2)    The Court will enter a separate e-service order directing the Clerk of Court to serve the remaining Defendants.

(3)    The Kansas Department of Corrections ("KDOC") shall submit the *Martinez* Report within **sixty (60) days** following the electronic filing of the Waiver of Service Executed. Upon the filing of that Report, the Court will screen Plaintiff's Complaint. If the Complaint survives screening, the Court will enter a separate order setting an answer deadline. Therefore, any answer deadline provided in the waiver of service is not controlling.

(4)    Officials responsible for the operation of the EDCF are directed to undertake a review of the subject matter of the Complaint:

    a.    To ascertain the facts and circumstances;

    b.    To consider whether any action can and should be taken by the institution to resolve the subject matter of the Complaint; and

      c.      To determine whether other like complaints, whether pending in this Court or elsewhere, are related to this Complaint and should be considered together.

(5)      Upon completion of the review, a written report shall be compiled which shall be filed with the Court and served on Plaintiff. The KDOC must seek leave of the Court if it wishes to file certain exhibits or portions of the report under seal or without service on Plaintiff. Statements of all witnesses shall be in affidavit form. Copies of pertinent rules, regulations, official documents, and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report. Any recordings related to Plaintiff's claims shall also be included.

(6)      Authorization is granted to the officials of the EDCF to interview all witnesses having knowledge of the facts, including Plaintiff.

(7)      No motion addressed to the Complaint shall be filed until the *Martinez* Report required herein has been prepared.

(8)      Discovery by Plaintiff shall not commence until Plaintiff has received and reviewed any Court-ordered answer or response to the Complaint. This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f).

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter KDOC as an interested party on the docket for the limited purpose of preparing the *Martinez* Report ordered herein. Upon the filing of that report, KDOC may move for termination from this action.

Copies of this order shall be transmitted to Plaintiff, to Defendants, and to the Attorney General for the State of Kansas.

**IT IS SO ORDERED.**

**Dated this 6th day of September, 2022, in Kansas City, Kansas.**

                                                **s/ John W. Lungstrum**
                                                **JOHN W. LUNGSTRUM**

U. S. Senior District Judge