United States District Court
For the District of Kansas

Case No. 22-3185-JWL-JPO

Martin Arnold Riley
                    Plaintiff

            v

CS1 Sgt. Hopkins al et,
                    Defendant(s)
(In his individual Capacity)
Deputy Warden Skidmore in his individual Capacity
E.A.I Gift in his individual Capacity
Major East in his individual Capacity
Capt. Brown in his individual Capacity
Lt. Rasmussen in his individual Capacity
Unit Team Potter in her individual Capacity

Motion For leave to Amend Complaint & Proceed upon First Amended Complaint.

Civil Rights Complaint Pursuant to 42 U.S.C. §1983

## Motion For leave to Amend Complaint & Proceed Upon First Amended Complaint

Comes Now, plaintiff, Martin Arnold Riley, pursuant to Rules 15(a) and 19(a), Fed. R. Civ. P., requires leave to file an amended Complaint to add facts to show added defendants personal involvement, and to state a claim of relief.

Martin Arnold Riley #52926
Name

P.O. Box 311

El Dorado, Kansas 67042
Address

---

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

Martin Arnold Riley, Plantiff
*(Full Name)*

V.

CS1 Sgt. Hopkins, Defendant (s)
(See Attachment Pg. 1 Thru 3)

CASE NO. 22-3185-JWL-JPO
*(To be supplied by the Clerk)*

Motion for leave to Amend Complaint

CIVIL RIGHTS COMPLAINT
PURSUANT TO 42 U.S.C.
§1983

---

## A. JURISDICTION

1) Martin Arnold Riley, is a citizen of Kansas
*(Plaintiff)* *(State)*

who presently resides at El Dorado Correctional Facility, P.O. Box 311
*(Mailing address or place*
El Dorado, Kansas 67042
*of confinement.)*
Added Defendant(s)

2) Defendant Skidmore is a citizen of
*(Name of first defendant)*

Leavenworth, Kansas, and is employed as
*(City, State)*

Deputy Warden. At the time the
*(Position and title, if any)*

claim(s) alleged in this complaint arose, was this defendant acting under the color of state

law? Yes ☒ No ☐. If your answer is "Yes", briefly explain:

Deputy Warden Skidmore is an Employee at
Lansing Correctional Facility

1

XE-2 8/82          CIVIL RIGHTS COMPLAINT §1983

1) The Plaintiff in his original Complaint named E.A.I. Gift, and Deputy Warden Skidmore as Defendants.

2) Since the filing of the complaint the plaintiff has been notified via' Memorandum and Order' by Judge John W. Lungstrum, dated this 6th day of September, 2022, in Kansas City, Kansas, of the Dismissal of Defendant(s) E.A.I. Gift and Deputy Warden Skidmore, for the plaintiffs' failure to Show Defendant's personal involvement and to state a claim or relief.

3) This court should grant leave freely to Amend a Complaint. Foman v. Davis, 371 U.S. 178, 182 (1962)
Neitzke v. Williams, 490 U.S. 319, 329, 109 S.ct. 1827 (1989)

## Contents of, 'First Amended Complaint'
## (Added Defendant's )

Petitioner files this 'First Amended Complaint herein, and begins with incorporating by reference all previous filings, and adds (and in some instances as clear from the context, corrects):

## (Jurisdiction)

1) Deputy Warden Skidmore Defendant is a citizen of Leavenworth, Kansas and is employed as Deputy Warden. At the time the claim(s) alleged in this Complaint arose, was this defendant acting under the color of state law? Yes ☒ No ☐. If your answer is "Yes" briefly explain:
Deputy Warden Skidmore is an employee at Lansing Correctional Facility.

**3**

## A JURISDICTION

2) Martin Arnold Riley, is a citizen of Kansas who presently resides at El Dorado Correctional Facility, P.O. Box 311, El Dorado Kansas 67042.

3) Defendant Hopkins is a citizen of Leavenworth, Kansas and is employed as CSI Sargent. At the time the claim(s) alleged in this complaint arose, was this defendant acting under the color of state law? Yes ☒ No ☐. If your answer is "yes" briefly explain:
CSI Sgt. Hopkins is an employee at Lansing Correctional facility.

4) Defendant East is a citizen of Leavenworth, Kansas and is employed as Major. At the time the claim(s) alleged in this complaint arose, was this defendant acting under the color of state law? Yes ☒ No ☐. If your answer is "Yes", briefly explain:
Major East is an employee at Lansing Correctional facility.

5) Defendant Skidmore is a citizen of Leavenworth, Kansas and is employed as Deputy Warden. At the time the claim(s) alleged in this complaint arose, was this defendant acting under the color of state law? Yes ☒ No ☐. If your answer is "Yes," briefly explain:
Deputy Warden Skidmore is an employee at Lansing Correctional Facility.

5.) Defendant Brown is a citizen of Leavenworth, Kansas, and is employed as captain. At the time the claim(s) alleged in this complaint arose, was the defendant acting under the color of state law? Yes ☒ No ☐. If your answer is "Yes", briefly explain:
Captain Brown is/was an employee at Lansing Correctional Facility.

6.) Defendant Rasmussen is a citizen of Leavenworth, Kansas, and is employed as Leutenant. At the time the claim(s) alleged in this complaint arose, was this defendant acting under the color of state law? Yes ☒ No ☐. If your answer is "Yes" briefly explain:
Leutenant Rasmussen is an employee at Lansing Correctional Facility.

7) Defendant Gift is a citizen of Leavenworth, Kansas, and is employeed as E.A.I (Investigative unit). At the time the claim(s) alleged in this complaint arose, was the defendant acting under the color of state law? Yes ☒ No ☐. If your answer is "Yes" briefly explain:
Gift (E.A.I) is Lansing Correctional Facility, Investigating unit.

8) Defendant Potter is a citizen of <u>Leavenworth, Kansas</u> and is employed as <u>Unit Team - B-5</u>. At the time the claim(s) alleged in this complaint arose, was this defendant acting under the color of state law? Yes ☒ No ☐. If your answer is "Yes" briefly explain:

<u>Potter was hired as B-5 Unit Team at Lansing Correctional Facility.</u>

9) Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(3); 42 U.S.C § 1983. (If you wish to assert jurisdiction under different or additional statutes, you may list them below.)

<u>Jurisdiction is to remain under 42 U.S.C § 1983.</u>

10)                    B. NATURE OF THE CASE

1) Briefly state the background of your case

On 12-16-21, while being an inmate in Lansing Correctional Facility, I, Martin Arnold Riley (plaintiff) was brutally assaulted and batterized by defendant <u>CS2 Sgt. Hopkins</u>.

Plaintiff declares that Sgt. Hopkins did, with malicious intent, continuously slam plaintiff Riley's foot in B-5 cell door several times with the intention of hurting, maiming, and causing physical injuries to plaintiff without justifiable reason or cause.

3) Defendant _____Gift_____ is a citizen of
   (Name of second defendant)

_____Leavenworth, Kansas_____, and is employed as
   (City, state)

_____E.A.I (External Apprehensive Invest.)_____. At the time the
   (Position and title, if any)

claim (s) alleged in this complaint arose was this defendant acting under the color of state

law? Yes ☐ No ☐ . If your answer is "Yes", briefly explain:

_____E.A.I Gift is employed at Lansing Correctional_____

_____Facility_____

(Use the back of this page to furnish the above information for additional defendants.)

4) Jurisdiction is invoked pursuant to 28 U.S.C. §1343(3); 42 U.S.C. §1983. (If you wish to

assert jurisdiction under different or additional statutes, you may list them below.)

_____Jurisdiction is to remain under_____

_____42 U.S.C. §1983_____

## B. NATURE OF THE CASE

1) Briefly state the background of your case:

_____(Review Pg. 6 Thru 9)_____

CIVIL RIGHTS COMPLAINT §1983

2) Defendant <u>Gift</u> is a citizen of <u>Leavenworth, Kansas</u>, and is employed as <u>E.A.I. (External Apprehensive Investigator)</u>. At the time the claim(s) alleged in this complaint arose, was the defendant acting under the color of the state law? Yes ☒ No ☐. If your answer is "Yes" briefly explain: <u>E.A.I. Gift is employed at Lansing Correctional Facility</u>

Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(3); 42 U.S.C. § 1983. (If you wish to assert jurisdiction under different or additional statutes, you may list them below.) <u>Jurisdiction is to remain under 42 U.S.C. § 1983.</u>

## B. Nature of The Case

1) Briefly state the background of your case

On 12-16-21, while being an inmate in Lansing Correctional Facility, I, plaintiff Martin Arnold Riley was brutally assaulted and battered by defendant <u>CS2 Sgt. Hopkins.</u> Plaintiff declares that <u>Sgt. Hopkins</u> did, with malicious intent, continuously slam plaintiff Rileys foot in B-5, cell room #109 door several times with the intention of hurting, maiming, and causing physical injuries to plaintiff without justifiable reason or cause.

This incident occured on 12-16-21, at approximately within the timeframe of 3:15 a.m thru 5:30 a.m (see video footage). After said incident, Plaintiff did seek medical attention but was further denied medical attention by defendant Hopkins. Plaintiff pressed emergency button (that's located in cell) several times only to be met with the emergency signal being turned off each time by defendant Hopkins. (review video footage from 3:20 am thru 5:30 am light outside door). Defendant Hopkins was informed numerous times by plaintiff Riley that he needed immediate medical attention due to injured foot, in excruciating pain and unable to walk. Hopkins continually denied plaintiff access to medical by refusing to call medical staff all the while stating, "F**k You..... Too bad, deal with it" (refering to the pain plaintiff was enduring). (see video footage at approximately 3:20 am thru 3:25 am after defendants shuts plaintiffs door he turns and makes this statement) Plaintiff, from that point requested to speak with Sgt. Hopkins. Supervisor and was denied that request as well by Sgt. Hopkins. (see video footage from 3:00 am to 6:00 am on 12-16-21).

Once Hopkins left during shift change (several hours later), plaintiff went to captains office (at 9:00 am) and informed Major East, Captain Brown, and Leutenant Rasmussen of the assault and battery that took place on 12-16-21, and wished to file a formal complaint for assault and battery against Sgt. Hopkins.

While informing Brown, East, and Rasmussen that he was maliciously assaulted and batterized by their subordinate Hopkins, and showed them his injured foot. Plaintiff also sought medical attention at this point but was denied by Major East, Captain Brown, and Leutenant Rasmussen.

Plaintiff was instructed that the video footage/camera in B-5 of assault and battery incident will be reviewed. After East, Brown, and Rasmussen reviewed video footage, plaintiff was told to go back to cell house.

At approximately around 9:15am plaintiff reported to Unit Team Potters office in B-5 cell house.

Plaintiff declares that he did inform defendant Potter of an assault and battery on 12-16-21, and plaintiff with respect (Female Unit Team) raised pant leg and showed defendant and informed her CS1 Hopkins slammed plaintiff Riley's foot in cell room door of #109. Once plaintiff made her aware of his injury she states, "what do you expect me to do about it". Plaintiff then requested that defendant Potter legally document said facts of incident reported by plaintiff, and for her to notify E.A.I. Gift of this matter and would like to speak on this matter, because plaintiff felt fear for his life. Plaintiff further declares that a grievance was also filed against CS1 sgt. Hopkins through Unit Team Potter on 12-16-21. (see attachment).

On 12-20-21 plaintiff was finally allowed medical attention whereas the injury was severe enough to be issued crutches and walking cane.

Plaintiff is currently taking pain medication prescribed by Dr. Joe and Dr. Wilson. Plaintiff is also wearing an air brace on injured foot for support purposes caused from the conflict plaintiff suffered by CS1 Sgt. Hopkins.

Plaintiff further contends that on 12-19-21, Riley did recieve a disciplinary report written by defendant Hopkins in retaliation of Riley filing a grievance against CS1 Sgt. Hopkins (duly note that all D.R's are typed and then served/issued, yet the D.R that plaintiff recieved was handwritten which is not time stamped by the KDOC computer system which is evident that it wasn't written on the day of the alleged assault and battery.

Plaintiff declares that he did write E.A.I Gift seeking E.A.I to investigate the alleged incident that occured 12-16-21 and in response plaintiff was informed by E.A.I Gift that no investigation would ensue or be held refering to said matter unless Riley hires an attorney. (See Attachment).

Plaintiff declares that since the initial incident that occured on 12-16-21, Unit Team Potter and Captain Brown continue to allow CS1 Sgt. Hopkins to work in B-unit and very close proximately of Riley, whereas threats have been continuously made towards Riley by Hopkins as of this present date of 3/17/22. (See Attachments)

Plaintiff also declares that with the continuing threats, Riley has suffered into a state of depression and paranoia here at Lansing Correctional Facility, and plaintiff fears for his life. Riley's mental health status dealing with everyday constant paranoia has effected plaintiff's safety with this administration.

11) ## C. CAUSE OF ACTION

I allege that the following of my constitutional rights, privileges or immunities have been violated and that the following facts form the basis for my allegations: (If necessary you may attachment up to two additional pages (8h" x 11") to explain any allegations or to list adding support facts.)

12) Count I: 8th Amendment - Cruel and Unusual Punishment (Use of excessive force, Agg. Battery/Assault

13) Supporting facts: Plaintiff was maliciously, and wantonally subjected to the use of physical force CS1 Sgt. Hopkins on 12-16-21, in B-5 Cell house Rm #109, at approximately 3:15am thru 5:30am. Defendant Hopkins Continuously with malicious intent, slam prison cell door on plaintiff's Riley foot several times and caused bodily harm upon Riley. Plaintiff sustain severe physical injury. Plaintiff now uses crutches/ and at present a caine to aid in his everyday walking ability. It is also a fact the defendant Hopkins suffers from (OCD Obsessive Compulsive Disorder.

14) Count II: 8th Amendment - Cruel and Unusual punishment (Medical delibrate indifference.)

15.) Supporting facts: At approximately 3:20am, plaintiff asked CSI Hopkins to call medical and defendants supervisor, do to the facts plaintiff was in alot of pain. Defendant states, "Too bad.... deal with it."

From 3:22am to 5:30 am, plaintiff kept signaling his emergency button located in cell room, and due to the fact the defendant continues to turn emergency light off and disregarding plaintiffs pleas for help for over two hours, it was clear what Hopkins intent was when showed delibrate indifference to a serious medical need. Due to officers actions, for four days plaintiff was deprived of medical attention. (See Video footage)

16.) Count III: 8th Amendment - Cruel and unusual punishment (Retaliation)

17.) Supporting facts: Defendant wrote a disciplinary report with intentions to have plaintiff placed in segregation because of my actions of filing a grievance towards defendant Hopkins actions of maliciously causing bodily injury to plaintiff Riley (i.e slamming foot in cell door multiple times)

18.) Count IV: 8th Amendment - cruel and unusual punishment (Medical delibrate indifference and deprivation of medical need.)

14th Amendment - Equal protection: (Failure to protect or investigate.)

19.) Supporting facts: On 12-16-21, approximately 9:10 am plaintiff Riley walked to captain office and reported assault and battery to Capt. Brown that occured in B-5 cell house. After explaining the incident to Brown, he walked to a video monitor and watched video footage of CSI Hopkins Slamming room door (#109-B-5) on Riley's foot. After defendant finished watching video footage, defendant ordered Riley back to his cell house.

Plaintiff showed his injury to captain Brown which required medical attention.

Further, plaintiff asked captain Brown to take photos of foot, in which plaintiff was denied request by captain Brown

Captain Brown refused to allow plaintiff to be seen by medical staff, in which Riley was not seen by a nurse or doctor for four days. (May the record reflect that the clinic is right next door to captains office.) See video footage infront of captains office, of plaintiffs injured state addressing this issue to captain Brown on 12-16-21 at 9:00 am thru 9:15 am.


20) Count I: 8th Amendment: Cruel and Unusual punishment (Medical delibrate indifference and deprivation of medical need.)

14th Amendment: Equal protection (Failure to protect or investigate.)

21.) supporting facts: On 12-16-24, plaintiff Riley was assaulted and batterized by CS1 Hopkins in B-5 cell house. Plaintiff met with Leutenant Rasmussen to report the incident and asked for formal complaint to be written against CS1 Hopkins.

Leutenant Rasmussen went to a video monitor to review video footage of incident. After defendant Rasmussen reviewed video footage defendant ordered plaintiff to return back to his cell house. Plaintiff showed Rasmussen the seriousness of his injury and requested photos to be taken (in which plaintiff was denied) and that Riley needed immediate medical attention (This was also denied by Rasmussen.)

Due to the action of these officers, plaintiff was not able to recieve medical for four days, and it was further contend that it was only after plaintiff recieved medical attention that he was provided with crutches and a cane to assist him in walking while enduring the serious injury that Hopkins had caused intentionally.

22.) 8th Amendment - Cruel and unusual punishment (Medical deliberate indifference and deprivation of medical need.)
14th Amendment - Equal protection (Failure to protect or investigate.)

On 12-16-21, plaintiff Riley reported an assault and battery by defendant Hopkins to Major East in Captain office. Major East reviewed video footage of the incident and informed plaintiff to return back to cell house. Plaintiff showed Major East injured foot and asked to go to clinic. Major East denied Riley clinic attention, and Riley was forced to wait for four days until being treated. Plaintiff declares he asked Major East for photo's to be taken of injured foot on 12-16-21 in front of Captains office (see video footage from 9:00 am to 9:10 am on 12-16-21).

Count I: 5th Amendment (Due Process)
14th Amendment -Equal Protection (Failure to protect or investigate)

Supporting Facts: On 12-16-21, plaintiff Riley wrote a letter to Deputy Warden Skidmore with a complaint in plaintiff's letter of a assault & battery by cs1 Hopkins. Plaintiff never got a response back from Deputy Warden Skidmore. Defendant Skidmore was recipient of the KDOCs' grievance procedure system as a required product in the exhausting of administrative procedure, in order to properly proceed to civil remedies. 44-15-101(f) and 44-15-106.

## C. CAUSE OF ACTION

1) I allege that my claims arise under the following constitutional provisions or laws of the United States and that the following facts form the basis for my allegations: (If necessary you may attach up to two additional pages (8 1/2" x 11") to explain any allegation or to list additional supporting facts.)

A) (1) Count I: 5th Amendment - (Due Process) 14th Amendment Equal Protection (Failure to protect or investigate)

(2) Supporting Facts: (Include all facts you consider important, including names of persons involved, places and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument.):

On 12-16-21, plaintiff wrote a letter to Deputy Warden Skidmore with a complaint of an assault r battery by CSI Hopkins. Deputy Warden Skidmore never responded back.

B) (1) Count II: 14th Amendment Equal Protection (Failure to protect or investigate)

(2) Supporting Facts: Defendant Skidmore was recipient of the KDOC's grievence procedure system as a required product in the exhausting of administrative procedure in order to properly proceed to civil remedies. IMPP 44-15-101(f) and IMPP 44-15-106.

15.

Count I: 5th Amendment: Due Process

Supporting Facts: The basic requirement of due process is the right to notice and an opportunity to be heard "at a meaningful time and in a meaningful manner.... Plaintiff Riley wrote a inmate request to E.A.I. (External Apprehensive Investigator) Gift requesting an informal resolution in said matter of an assault and battery by defendant Hopkins on 12-16-21, Since further resolution attempts with Unit Team Potter fails in her lack of training in the IMPP standard of policy, plaintiff felt it was his right to seek a resolution elsewhere as to exhuast plaintiffs administrative remedies.

The courts consider plaintiff has no federal right to demand a internal investigation. Plaintiff feels the findings of Rileys request and the citing of Martin v. LaBlanc arguement. (No. 14-2743, 2014 WL 6674289, at n.1 (W.D. La. Nov. 24 2014) holds no similarity in arguments. Martin v. LaBlan (Finding that where plaintiff requested "An Investigation," "the Termination of the Defendants' Employment," and "The Closure of the Prison". Plaintiff Rileys inmate request only seeks a "resolution", a "interview" and to "Reserve video footage".

Reed v. McBride, 178 F.3d 849, 854 (7th Cir. 1999) ("A prison official's knowledge of prison conditions learned from a inmate's communication can.... require the officer to exercise his authority and to take the needed actions to investigate, and if necessary to rectify the offending condition. (quoting Vance v. Peters, 97 F.3d 987, 993 (7th Cir. 1996).

See also; Gomez v. Vernon, 255 F.3d 1118, 1122 (9th Cir. 2001) ("The Departments' failure to investigate or correct constitutional violations supports the district Courts finding that there was a policy or custom that led to violation of the inmates rights") (IMPP) policies)).

IF there is a showing that Unit Teams, Unit Team Mgr's., Wardens, and Secretary of Corrections (KDOC) has the power under the color of state laws to investigate using the standard IMPP (Internal Management Policy Procedure) Policies, what showing is there in these IMPP rules that exempts E.A.I. Gift (Head of the External Apprehensive Investigator) unliable to these procedures to investigate a crime, to interview, and to reserve video footage of crime committed by a prison official against plaintiff of assault and battery at Lansing Correctional Facility. Whenever a inmate-to-inmate crime is committed of any violent act, or sexual act, or a crime that is subject enough for an investigation at Lansing Correctional Facility, it's E.A.I. that the KDOC sends to investigate, so what makes a prison official who is under the color of state law who assaults and batterizes an inmate any different for E.A.I. to interview plaintiff Riley? What standards of law allows E.A.I. Gift to be exempt from the same IMPP policies that every other appointing authority in KDOC has to be held liable for?

## Count II: 14th Amendment - Equal Protection

Supporting Facts: Plaintiff feels he should have a 14th Amendment right to ask for a resolution if there is reason of showing (factual evidence) an assault and battery committed against plaintiff by any prison official under the color of state law.

There isn't any clear showing in Martin v. LaBlanc, No. 14-2743, 2014 WL 6674289, at. n.1 (W.D. La. Nov. 24 2014); that solely arguing any three of the element in which the courts couldn't find relief for such actions; there is for investigating.

A plaintiff suing under §1983 must allege two "elements":
1) That some person has deprived him of a federal right
2) The person who deprived him of that right acted under color of state law or territorial law.

also see, Ginest v. Board of County Commi'rs of Carbon County, 333 F. Supp. 2d 1190, 1198 (D. Wyo. 2004) (<u>officials have a duty to investigate information suggesting a risk of injury</u>)

Every level of the IMPP policies show the KDOC will investigate every level of violation of any conduct committed in their prison. Plaintiff Riley never asked for defendant Gifs' employment of termination, or the closure of Lansing Correctional facility (as what Martin v. LaBlanc claims). All plaintiff was seeking solely was an investigation (resolution) or interview, and to reserve video footage in this assault and battery complaint on 12-16-21.

Plaintiff pleads with this court to reconsider, on grounds that plaintiff does have a right to ask E.A.I. to investigate. Noted: "He is head of the investigating Unit at Lansing Correctional Facility. There isn't a direct understanding that just solely arguing for an investigation is grounds enough to dismiss defendant Gift from complaint.

Defendant Gift was recipient of the KDOC's grievance procedure system as a required product in the exhausting of administrative procedures in order to properly proceed to civil remedies.

On 12-20-21, plaintiff met with Leutenant Lee and Sort Team leader Hoover and asked would they assist plaintiff with taking photos of injured Foot. Lt. Lee and sort leader Hoover walked Riley to Capt. office from clinic and sort leader Hoover took photos of injured foot in front of capt. office (see video footage on 12-20-21 from 8:00am to 10:00am). Sort leader informed Riley that photo's will be sent to E.A.I Gift for further investigation. Mrs. Williams from mental health was notified as well. When E.A.I. decided to not investigate, that message was passed down to the rest of prison officials to do the same in plaintiffs grievance.

26) 8th Amendment - cruel and unusual punishment: (medical deliborate indifference and deprivation of medical need.)
14th Amendment - Equal protection (failure to protect or investigate

27) Supporting facts: Plaintiff Riley declares that he did inform unit Tram Potter of incident that took place in B-5 cell house, at 3:15 am thru 5:30am, Rm #109 on 12-16-21.

Plaintiff declares that he showed Unit Team Potter injured foot, and requested defendant call to have photos taken of left foot that was in cell door by CS1 Hopkins.

Defendant Potters personal involvement can be shown through her actual knowledge. On 12-20-21, plaintiff wrote formal complaint against CS1 Hopkins from asking for unit Team Potters help to remove CS1 Hopkins from working in plaintiff Riley's cell house. (Duly note, as you can see everything dealing with

Potters answer goes only as far as just saying, "Noted...."

On 3-17-22, plantiff was harrassed by CS1 Hopkins approximately 4:00 am to 4:30 am at Plaintiff Riley's job. Plaintiff reported the incident to Unit Team Potter and mental Health (ms.william) (see Attachment)

Plaintiff has expressed his mental health status and his state of fear and paranoia to Unit Team Potter, but defendant shows no interest in providing any assistance to Riley other then writing, "Noted."

Defendant Potters delibrate indifference to plaintiffs serious medical need has "cause plaintiff mental anguish...."

28)         D. Previous lawsuits and administrative Relief

Have you begun lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to the conditions of your imprisonment? Yes ☐ NO ☒. If your answer is "yes" describe each lawsuit. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

a.) Parties to previous lawsuit
Plaintiffs: None
Defendants: None

b.) Name of court and docket number: None

## Previous Lawsuits and Administrative Relief

1) Have you begun other lawsuits in State or federal Courts dealing with the same facts involved in this action or otherwise relating to the conditions of your imprisonment? Yes ☐ No ☒

B) I have previously sought informal relief from the appropriate administrative officials regarding the acts complained of in Part C Yes ☒ No ☐. If your answer is "Yes" briefly describe how relief was sought and the results:

Plaintiff has written several inmate request forms, written letters to Deputy Warden Skidmore, written Complaints, medical forms and Mental Health forms, and grievances exhausting all my remedies up the administrative Command (from Unit Team to the Secretary of Corrections) in which no administrative relief was granted nor issue dealt with accordingly.

## Request For Relief

Money Damages: <u>Compensatory Damages</u>:

                       Pain and Suffering   $200,000

                       Nerve Damage Irrepairable  $300,000

                       Mental & Emotional Anguish  $150,000

                <u>Punitive Damages</u>:

Cruel & Unusual Punishment    $500,000

Denial of Medical             $100,000

Threats/Intimidation        $20,000

Acts of Retaliation         $300,000

_____    <u>Martin A. Riley #52926</u>

Signature of Attorney           Signature of Plaintiff

_____

Attorneys Full address & Telephone #

CERTIFICATE OF SERVICE

(For Registered Electronic Filing Users)

I hereby certify that on ___9 - 19 · 22___, I electronically filed the foregoing document with the clerk of

(Date)

the court by using the CM/ECF system which will send a notice of electronic filing to the following:

*[list parties that are CM/ECF participants: for represented parties list the name and address of attorney(s) for*

*each party; for unrepresented parties list the name and address of each party]*

I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail, postage

prepaid, to the following non-CM/ECF participants:

*[list parties that are not CM/ECF participants: for represented parties list the name and address of attorney(s)*

*for each party; for unrepresented parties list the name and address of each party]*

s/ _____

Name _____

Address _____

_____

Phone Number _____

Email Address _____