IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MARTIN ARNOLD RILEY,** | ) |
| **Plaintiff,** | ) |
| v. | ) Case. No. 22-3185-JWL-JPO |
| **(FNU) SKIDMORE,** *et al.*, | ) |
| **Defendants.** | ) |

### RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT

Defendants (FNU) Hopkins, (FNU) East, (FNU) Brown, (FNU) Rasmussen, (FNU) Potter ("Defendants") submit, through Assistant Attorney General Matthew L. Shoger, this response to Plaintiff's Declaration for Entry of Default (Doc. 12), docketed as a Motion for Default Judgment (hereinafter "Motion for Default Judgment"). Defendants contend that no default has occurred, and therefore no grounds exist for a default judgment.

Plaintiff suggests that Defendants were served with a summons by a U.S. Marshall on September 6, 2022. But the record in this case shows instead that the Court entered a Service Order on September 6, 2022, requesting that the Defendants waive service of process. (Doc. 6 at 1.) Defendants then waived service of process on October 7, 2022. (Doc. 11.) As a result, no service of a summons is necessary in this case for the case to proceed.

Plaintiff also suggests that Defendants failed to respond to the complaint within twenty days of the alleged service. Plaintiff appears to be referencing the twenty-one-day deadline under Federal Rule of Civil Procedure 12(a)(1)(A)(i), which does not apply in this case. The Court ordered on September 6, 2022, in a Memorandum and Order, that "[u]pon the filing of [the

*Martinez*] Report, the Court will screen Plaintiff's Complaint." (Doc. 7 at 2.) The Court has not yet finished screening Plaintiff's Complaint under 28 U.S.C. § 1915A, so the case remains in the screening phase. The Court further stated: "If the Complaint survives screening, the Court will enter a separate order setting an answer deadline. Therefore, any answer deadline provided in the waiver of service is not controlling." (Doc. 7 at 2.) The Court has not set an answer deadline, so the Defendants are not required to respond to the Complaint at this time.

Therefore, Plaintiff has not shown under Federal Rule of Civil Procedure 55(a) any failure by Defendants to plead or otherwise defend, so the clerk has properly abstained from entering default. To the extent the Plaintiff moves for a default judgment under Rule 55(b)(2), any proposed default judgment would be inappropriate because no default has occurred.

For these reasons, Defendants request that this Court enter an order denying Plaintiff's Motion for Default Judgment, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

OFFICE OF ATTORNEY GENERAL
DEREK SCHMIDT

*/s/ Matthew L. Shoger*
Matthew L. Shoger, KS No. 28151
Assistant Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597
matt.shoger@ag.ks.gov
785-296-2215
Fax: (785) 291-3767
*Attorney for KDOC Defendants*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 4th day of November, 2022, the foregoing document was filed with the clerk of the court by using the CM/ECF system, which will send notice of electronic filing to the following:

    Natasha M. Carter
    Kansas Department of Corrections
    714 SW Jackson Street, Suite 300
    Topeka, KS 66603
    natasha.carter@ks.gov
    *Attorney for Kansas Department of Corrections, Interested Party*

I also certify that a copy of the above was served by means of first-class mail, postage prepaid, addressed to:

    Martin Arnold Riley, #52926
    EL DORADO Correctional Facility-Central
    PO Box 311
    El Dorado, KS 67042
    *Plaintiff, pro se*

                                               */s/ Matthew L. Shoger*
                                               Matthew L. Shoger
                                               Assistant Attorney General