IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARTIN ARNOLD RILEY,

    **Plaintiff,**

    v.                                       CASE NO. 22-3185-JWL-JPO

(FNU) SKIDMORE, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff, a state prisoner appearing pro se and in forma pauperis, filed this civil rights case under 42 U.S.C. § 1983. Plaintiff is an inmate at the El Dorado Correctional Facility in El Dorado, Kansas ("EDCF"). This matter is before the Court on the following motions filed by Plaintiff: Motion for Appointment of Counsel (Doc. 3); Motion to Endorse Additional Witnesses (Doc. 4); Motion for Leave to Amend Complaint (Doc. 8); Motion for Appointment of Counsel (Doc. 9); and Motion for Entry of Default (Doc. 12).

Plaintiff's motions for the appointment of counsel (Docs. 3, 9) are denied. Plaintiff sets forth the unsuccessful efforts he has made to obtain counsel and argues that he is indigent because his child support obligations take priority.

There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill*

*v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. The Court denies the motion without prejudice to refiling the motion if Plaintiff's Complaint survives screening.

Plaintiff has also filed a motion to endorse additional witnesses. Plaintiff seeks to list witnesses that he believes will be needed for trial. Because this case has not survived screening, such a motion is premature and therefore denied.

Plaintiff filed a motion for leave to amend his complaint, seeking to add facts to show personal involvement by Defendants Skidmore and Gift. These defendants were previously dismissed from this action. Plaintiff states in his proposed amended complaint that he is "incorporating by reference all previous filings." (Doc. 8, at 3.) However, to add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all

allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint.

Plaintiff's proposed amended complaint consists of the court-approved form, with additional handwritten pages interspersed throughout. Various sections of the proposed amended complaint are duplicative, repetitive, and written in different handwriting.

In addition to the deficiencies in the form of Plaintiff's proposed amended complaint, he also attempts to add defendants who were previously dismissed from this case. The Court previously dismissed Defendant Skidmore, finding that Plaintiff failed to make any allegations concerning defendant Skidmore, a deputy warden at the Lansing Correctional Facility. (Doc. 7, at 1.) Because § 1983 "does not authorize liability under a theory of respondeat superior" Plaintiff must allege personal involvement by a supervisory defendant. *Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 767 (10th Cir. 2013). The Court also found that because Plaintiff has no federal right to demand an internal investigation, his allegations against defendant Gift fail to state a claim for relief under § 1983. *See Martin v. LeBlanc*, No. 14-2743, 2014 WL 6674289, at n.1 (W.D. La. Nov. 24, 2014) (finding that where plaintiff requested an investigation, the termination of the defendants' employment and the closure of the prison, "[s]uch relief is not available in this action").

In his proposed amended complaint, Plaintiff states that Deputy Warden Skidmore is an employee at the Lansing Correctional Facility. (Doc. 8, at 3, 4.) Plaintiff alleges that he wrote a grievance letter to Defendant Skidmore as part of the grievance procedure system, and did not receive a response. *Id*. at 16–17.

Plaintiff states that Defendant Gift is an E.A.T. with the investigating unit at the Lansing Correctional Facility. (Doc. 8, at 5, 7, 8.) Plaintiff claims that he wrote to Gift seeking an

investigation and was told by Gift that no investigation would take place unless Plaintiff was hiring an attorney. *Id*. at 11. Plaintiff alleges that he was seeking an informal resolution through Gift in order to exhaust his administrative remedies. *Id*. at 18. Plaintiff acknowledges that photos were taken of his injuries, the photos were sent to Gift, and a decision was made not to investigate further. *Id*. at 22. Plaintiff argues that Gift should have been required to investigate the incident and asks the Court to reconsider on the grounds that he does have a right to ask for an investigation. *Id*. at 19, 21.

The Court finds that Plaintiff's proposed amended complaint fails to state a claim against Defendants Skidmore and Gift for the reasons set forth in the Court's Memorandum and Order dismissing them. To the extent Plaintiff argues that these two defendants failed to respond to his grievance, he fails to state a claim. Plaintiff acknowledges that a grievance procedure is in place and that he used it. Plaintiff's claims relate to his dissatisfaction with responses to his grievances. The Tenth Circuit has held several times that there is no constitutional right to an administrative grievance system. *Gray v. GEO Group, Inc.*, No. 17–6135, 2018 WL 1181098, at *6 (10th Cir. March 6, 2018) (citations omitted); *Von Hallcy v. Clements*, 519 F. App'x 521, 523–24 (10th Cir. 2013); *Boyd v. Werholtz*, 443 F. App'x 331, 332 (10th Cir. 2011); *see also Watson v. Evans*, Case No. 13–cv–3035–EFM, 2014 WL 7246800, at *7 (D. Kan. Dec. 17, 2014) (failure to answer grievances does not violate constitutional rights or prove injury necessary to claim denial of access to courts); *Strope v. Pettis*, No. 03–3383–JAR, 2004 WL 2713084, at *7 (D. Kan. Nov. 23, 2004) (alleged failure to investigate grievances does not amount to a constitutional violation); *Baltoski v. Pretorius*, 291 F. Supp. 2d 807, 811 (N.D. Ind. 2003) (finding that "[t]he right to petition the government for redress of grievances . . . does not guarantee a favorable response, or indeed any response, from state officials").

4

Because Plaintiff's proposed amended complaint is not properly submitted, and he fails to state a claim against the previously-dismissed defendants, his motion for leave to file an amended complaint is denied without prejudice. The Court has ordered a *Martinez* Report and Plaintiff will have an opportunity to respond to that report after it is filed.

Plaintiff's request for the entry of a default judgment is also denied. On September 6, 2022, the Court entered a Memorandum and Order (Doc. 7) dismissing Defendants Skidmore and Gift and ordering the KDOC to prepare a *Martinez* Report. The Memorandum and Order provides that "[o]nce the report has been received, the Court can properly screen Plaintiff's claims under 28 U.S.C. § 1915A." *Id*. at 2. The Memorandum and Order further provides that the report shall be due 60 days following the electronic filing of the Waiver of Service Executed. *Id*. The Waiver of Service Executed was filed on October 7, 2022. (Doc. 11.) Therefore, the report is due by December 7, 2022. The Memorandum and Order also provides that "[i]f the Complaint survives screening, the Court will enter a separate order setting an answer deadline. Therefore, any answer deadline provided in the waiver of service is not controlling." (Doc. 7 at 2.)

The Court has not set an answer deadline, so the Defendants are not required to respond to the Complaint at this time. Because the defendants are not in default, Plaintiff's request for an entry of default is denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motions for Appointment of Counsel (Docs. 3, 9) are **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Endorse Additional Witnesses (Doc. 4) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Amend Complaint (Doc. 8) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Entry of Default (Doc. 12) is **denied.**

**IT IS SO ORDERED**.

Dated November 4, 2022, in Kansas City, Kansas.

<u>S/ John W. Lungstrum</u>
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE