IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARTIN ARNOLD RILEY,

    **Plaintiff,**

    v.                            CASE NO. 22-3185-JWL

(FNU) SKIDMORE, et al.,

    **Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff, a state prisoner appearing pro se and in forma pauperis, filed this civil rights case under 42 U.S.C. § 1983. This matter is before the Court on Plaintiff's Motion for Extension of Time (Doc. 26) and Motion for the Appointment of Counsel (Doc. 27).

The Kansas Department of Corrections filed a *Martinez* Report (Doc. 18) (the "Report") as directed by the Court. On January 19, 2023, the Court entered a Memorandum and Order (Doc. 22) ("M&O") granting Plaintiff until February 17, 2023, in which to respond to the Report and to show good cause why this action should not be dismissed.

Plaintiff seeks a 120-day extension of time to respond to the M&O, arguing that he is proceeding pro se and has limited access to the law library. (Doc. 26, at 2.) The Court will grant the motion in part. The Court will grant Plaintiff a 30-day extension of time.

Plaintiff has also filed a motion for appointment of counsel, arguing that he is unable to afford counsel, the issues are complex, he is taking medication for PTSD, he has limited access to the law library, and he has no legal training. (Doc. 27, at 1–2.)

The Court has considered Plaintiff's motion for appointment of counsel. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543,

1

547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995).  The decision whether to appoint counsel in a civil matter lies in the discretion of the district court.  *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).  "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)).  It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979).  The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments.  The Court denies the motion without prejudice to refiling the motion if Plaintiff's Complaint survives screening.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Extension of Time (Doc. 26) is **granted in part.**  The deadline for Plaintiff to respond to the Report and to show good cause why his Complaint should not be dismissed for the reasons set forth in the Court's M&O at Doc. 22, is extended to **March 17, 2023.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for the Appointment of Counsel (Doc. 27) is **denied without prejudice.**

**IT IS SO ORDERED**.

**Dated January 31, 2023, in Kansas City, Kansas.**

                                      **S/  John W. Lungstrum**
                                      **JOHN W. LUNGSTRUM**
                                      **UNITED STATES DISTRICT JUDGE**